UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CASSANDRA TOTTON,

    Plaintiff,

               Case No. 06-C-744

-vs-

US AIRWAYS AIRLINES,

    Defendant.

---

## DECISION AND ORDER

  On July 10, 2006, the plaintiff, Cassandra Totton ("Totton"), filed this action along with a request to proceed *in forma pauperis* ("IFP"). To authorize a litigant to proceed IFP, the Court must make two determinations: (1) whether the litigant is unable to pay the costs of commencing the action; and (2) whether the action warrants dismissal because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from relief. 28 U.S.C. §§ 1915(a)(1) & (e)(2).

  Totton's complaint states actionable claims for harassment and disparate treatment on account of her sex. However, she has failed to attach a right to sue letter from the EEOC, the issuance of which being one of several prerequisites to filing suit and obtaining relief in federal court. *See, e.g., Connor v. Ill. Dep't of Nat'l Resources*, 413 F.3d 675, 680 (7th Cir. 2005) (A plaintiff must file a charge with the EEOC detailing the alleged discriminatory conduct within the time allowed by statute, and the EEOC must

issue a right-to-sue letter). Attached to Totton's complaint is a determination of "no probable cause" issued by the State of Wisconsin, Department of Workforce Development, Equal Rights Division. This determination is dated October 10, 2005, and an EEOC case number is listed in the caption under the ERD case number. Therefore, Totton's complaint was filed with the EEOC, most likely pursuant to the "work sharing agreement" in effect between the ERD and EEOC. *See, e.g., Johnson v. J.B. Hunt Transport, Inc.*, 280 F.3d 1125, 1129 (7th Cir. 2002) ("In order to facilitate the assertion of employment rights, the EEOC and the [ERD] each designate the other as its agent for the purpose of receiving and drafting charges"). However, Totton alleges that the "case was dismissed at my request in order to have it heard at the federal level. EEOC investigators advised me to have it dismissed." (Complaint, ¶ I, C, 4). Totton further states in her request for relief: "Please order Investigator Roxanne Ketsman at EEOC to issue a letter of 'Right to Sue' to me." (Complaint, ¶ IV). Therefore, it is apparent from the face of Totton's complaint that she has failed to exhaust her administrative remedies. Since a right-to-sue letter has not been issued, this Court lacks jurisdiction over Totton's complaint, which must be dismissed.

NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT

1. Totton's request to proceed IFP [Docket No. 2] is **DENIED**;

2. Totton's request for appointment of counsel [Docket No. 3] is **DENIED** as moot; and

3. This matter is **DISMISSED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 2 day of November, 2006.

SO ORDERED,

*[signature]*

HON. RUDOLPH T. RANDA
Chief Judge